**DISMISS and Opinion Filed December 3, 2020**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00700-CV**
_____

**CBS STATIONS GROUP OF TEXAS, LLC, Appellant**
**V.**
**CEDRIC BURNS, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-00669**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Molberg
Opinion by Chief Justice Burns

CBS Stations Group of Texas, LLC (CBS) appeals from the alleged denial by operation of law of its motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. Due to an uncertainty as to whether CBS's TCPA motion had, in fact, been denied by operation of law, we questioned our jurisdiction over this appeal and instructed CBS to file a letter brief addressing the jurisdictional issue with an opportunity for Burns to file a response. After considering the record and CBS's jurisdictional brief, we dismiss for lack of jurisdiction.

**Background**

Cedric Burns sued CBS for defamation and intentional infliction of emotional distress over CBS's broadcast of a false report that he was part of a gang that had committed several bank robberies. CBS filed a TCPA motion to dismiss Burns's claims. The day prior to the scheduled hearing on the TCPA motion, Burns filed a motion for continuance. At the hearing held on June 18, 2020, the trial court heard both the motion for continuance and the TCPA motion. At the hearing, counsel for Burns argued that he needed a continuance to obtain a doctor's affidavit to support his claim for intentional infliction of emotional distress. He asserted that, due to Covid-19, the doctor could not get into her office to obtain what she needed to prepare the affidavit and that the "global pandemic" had "affected the ability for us to argue this case." According to Burns, section 3(a) of the Supreme Court's seventeenth emergency order extended all civil deadlines. CBS disputed Burns's interpretation of the emergency order, arguing that the focus of the emergency order was safety because it referred to not having to appear in court in order to avoid risks to parties and court staff. At the conclusion of the hearing, the trial court and CBS's counsel stated as follows:

> [The Court]: I'm going to have to research this whole Supreme Court issue and the Section 3(a), check with some colleagues.
>
> If I grant the Motion for Continuance, then we'll just have like an updated hearing. I'll let you guys know one way or the other. Otherwise, if they say no, you really need to have proceeded, then I've got the arguments to make a ruling.

[CBS's Counsel]: Your Honor, just procedurally, if you do grant the Motion for Continuance, that gets you into a pretty sticky situation because you've started the hearing now, and so you have to rule within 30 days of this hearing.

[The Court]: Well, I can continue the hearing. If the Supreme Court says that I shouldn't have gone through, that I should have granted their continuance, then it's more like a do-over.

On June 26th, the trial court signed an order granting a continuance stating as follows:

> On June 18, 2020, came on to be heard and considered Plaintiff's Motion for Continuance (the "Motion"), in the above-styled and numbered cause.
>
> The parties appeared through their attorneys of record. After careful consideration of the Motion, the Defendant's Response, and replies, if any, and considering the pleadings, supporting and opposing affidavits (if any), and the arguments presented, the Court finds that the Motion is well taken and should be, and hereby is, in all respects Granted.
>
> It is, THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Continuance is granted, the record on the Motion to Dismiss remains open, and pursuant to the Texas Supreme Court's Seventeenth Emergency Order, the deadline is extended to September 30, 2020.

CBS filed its notice of accelerated appeal on July 27th, stating its TCPA motion had been denied by operation of law.

**The Law**

Section 3(a) of the Supreme Court's Seventeenth Emergency Order Regarding the Covid-19 State of Disaster provides:

> 3. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public— without a participant's consent:

–3–

a. except as provided in paragraph (b) [relevant to proceedings under the family code], modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than September 30, 2020;

Misc. Docket No. 20-9071 (Tex. May 26, 2020), 83 Tex. B.J. 496, 496 *available at* https://www.txcourts.gov/media/1446702/209071.pdf. Additionally, a trial court may extend the hearing date on a motion to dismiss to allow limited discovery relevant to the motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.004(c), 27.006(b). These provisions permit a trial court to recess the hearing for the purpose of allowing discovery and to resume that hearing at any point within 120 days from the service of the motion to dismiss. *See Jones v. Heslin*, 587 S.W.3d 134, 136–37 (Tex. App.—Austin 2019, no pet.). An extension under these circumstances would reset the thirty-day timeline for ruling on the motion in accordance with the extended hearing date. *See id*. In this circumstance, the TCPA motion is not denied by operation of law and remains pending. *Id*. at 137.

**Discussion**

In its letter brief, CBS explains that it was possible its TCPA motion was denied by operation of law on July 18th. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(a), 27.008(a) (motion considered denied by operation of law if trial court fails to rule on it within thirty days of hearing). The trial court conducted a hearing on its TCPA motion and stated at the conclusion of the hearing that it had the arguments needed to make a ruling. *See Avila v. Larrea*, 394 S.W.3d 646, 656 (Tex. App.—Dallas 2012, pet. denied) (statute requires that the court rule on the motion

within thirty days of hearing and either dismiss the action or not).  Additionally, CBS notes the trial court's June 26th order was vague as to what deadline was extended.  Because of these circumstances, CBS felt it had no choice but to file its notice of interlocutory appeal.

The Supreme Court's seventeenth emergency order, gave the trial court broad discretion to suspend any and all deadlines, including those prescribed by statute.  Relying on another pandemic-related emergency order with a similar provision, this Court held the trial court abused its discretion in denying an agreed motion for continuance of discovery deadlines.  *See In re Rodriguez*, No. 05-20-00523-CV, 2020 WL 2487061, at *2–3 (Tex. App.—Dallas May 13, 2020, orig. proceeding).  In *Rodriguez*, we recognized the "unique and serious circumstances created by the COVID-19 pandemic require flexibility and adaptability in all aspects of our legal system."  *See id*. at *2.

**Conclusion**

Pursuant to the emergency order, the trial court was within its discretion to continue the hearing on CBS's TCPA motion.  Thus, CBS's TCPA motion was not denied by operation of law, but instead remained pending in the trial court when CBS filed the notice of appeal.  The notice of appeal automatically stayed all trial court proceedings.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b).  Because the TCPA motion remains pending in the trial court, there is no order that can support an interlocutory appeal, and we must dismiss this appeal.  *See id.* § 51.014(a)(12)

(allowing interlocutory appeal from a denial of a motion to dismiss under the TCPA); *see also Jones*, 587 S.W.3d at 137.

Accordingly, we dismiss this appeal for want of jurisdiction. The thirty-day timeline for ruling on CBS's TCPA motion runs from the date of this opinion. *Jones*, 587 S.W.3d at 136.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200700F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CBS STATIONS GROUP OF
TEXAS, LLC, Appellant

No. 05-20-00700-CV     V.

CEDRIC BURNS, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-00669.
Opinion delivered by Chief Justice
Burns. Justices Whitehill and
Molberg participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee CEDRIC BURNS recover his costs of this appeal from appellant CBS STATIONS GROUP OF TEXAS, LLC.

Judgment entered December 3, 2020